# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAM COLAVITA, <br>     Plaintiff, <br><br> v. <br><br> TOMMY RYAN, <br>     Defendant. | CIVIL ACTION <br><br> No. 2:09-cv-4768 |

## MEMORANDUM OPINION

Goldberg, J.                                                                                  May 27, 2010

Before the Court is Defendant, Tommy Ryan's, motion to dismiss Plaintiff's § 1983 law suit. For the reasons discussed below, the motion will be granted.

## I. BACKGROUND

Plaintiff, Sam Colavita, a pro se litigant, has filed a §1983 action against Tommy Ryan, individually, and as an official of the Borough of Trappe in Montgomery County, Pennsylvania. Plaintiff's complaint states that the suit is brought individually, and as president of Trappe Village Corporation, an apartment complex. The complaint alleges that Defendant, manager of the Borough of Trappe, conducted inspections of the apartment complex and subsequently initiated the creation of Borough Ordinance 408. This Ordinance established a residential rental inspection and licensing program, which Plaintiff claims was targeted solely at Trappe Village Corporation, as the only rental complex in the Borough. (See Compl., Ex. A.)

## II. LEGAL STANDARD

When considering a motion to dismiss, the Court must assume the veracity of well-pleaded factual allegations, construe them in a light most favorable to the plaintiff, and "then determine

whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (reaffirming Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The court may only look to the facts alleged in the complaint and its attachments when deciding a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). Here, the Court will also liberally construe the complaint because the Plaintiff is pro se. Haines v. Kerner, 404 U.S. 519, 520 (1972).

**III. DISCUSSION**

Plaintiff has brought this lawsuit individually, and as president of Trappe Village Corporation. A careful and liberal reading of the complaint, however, demonstrates that Plaintiff is only bringing this action on behalf of the corporation. All of the "harms" alleged as a result of the property inspections and Ordinance 408 are harms allegedly occurring to the corporation, not Plaintiff. For instance, Plaintiff has alleged that he was being forced to accept the terms of Ordinance 408 and that he would be fined for failing to comply with the Ordinance. Ordinance 408, however, only applies to owners/landlords, and Plaintiff is neither. Therefore, the corporation is the real party in interest in this litigation. (Compl., ¶¶ 18-19 & Ex. A.)

Federal Rule of Civil Procedure 17(a) states that "[a]n action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a). Specifically, a corporation may only sue under its own name. See Hanoverian, Inc. v. Pa. Dep't of Envtl. Prot., No. 07-658, 2008 WL 906545 (M.D.Pa. Mar. 31, 2008) (citing MOORE'S FEDERAL PRACTICE § 10.02[2][c] (3d ed. 2007)). Consequently, because the Trappe Village Corporation must be a party to this litigation and is not, Defendant's motion will be granted.

Moreover, granting leave for Plaintiff to amend the complaint would not cure the fatal flaw in the complaint of lacking a real party in interest.[1] Although 28 U.S.C. § 1654 confers the right upon parties to plead and conduct their own cases personally or by counsel, it is well-settled law that corporations cannot appear pro se in the federal courts. United States v. Cocivera, 104 F.3d 566, 572 (3d Cir. 1996). "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . . . [T]he rationale for that rule applies equally to all artificial entities." Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993). Thus, because corporations must be represented by counsel in federal court and Plaintiff is not a licensed attorney in the Commonwealth of Pennsylvania or admitted to this Court,[2] granting Plaintiff leave to amend the complaint to include Trappe Village Corporation as the real party in interest would be futile.[3]

## IV. CONCLUSION

Given the lack of the real party in interest and Plaintiff's inability to represent that party, the complaint is dismissed against Tommy Ryan for failure to state a claim upon which relief can be granted. Our Order follows.

---

[1] We are cognizant of our obligation to grant pro se litigants leave to amend unless the amendment would be futile. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

[2] The Clerk of Court has indicated that Sam Colavita is not a licensed attorney in the Commonwealth of Pennsylvania or admitted to the Eastern District of Pennsylvania. Moreover, Plaintiff has not indicated that he is an attorney or that he is admitted to practice law in any state, territorial or federal court.

[3] We note that the corporation, through counsel, currently has litigation regarding the Borough of Trappe's Ordinance 408 pending in the Montgomery County Court of Common Pleas, No. 2009-31943. (Def. Memo., Ex. B.)